UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AARON REDDIX, | ) | CASE NO. CV 17-00484-RGK (PJW) |
| Plaintiff, | ) ) | [~~PROPOSED~~] ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| v. | ) ) | |
| CITY OF LOS ANGELES, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff filed this civil rights action in 2017, alleging that a police detective involved in his arrest and prosecution filed a false police report and perjured himself at the preliminary hearing. At the time, Plaintiff was in Men's Central Jail in Los Angeles. The Court dismissed the action in the screening process and Plaintiff appealed. In October 2017, the Ninth Circuit reversed and remanded the case for further proceedings.

After remand, this Court issued an order giving Plaintiff an opportunity to file a First Amended Complaint, which was sent to his address and was returned as undeliverable because Plaintiff was no longer at Men's Central Jail. The Court then accessed the county prison locator system and determined that Plaintiff had been transferred to state prison (North Kern) in February 2017 and later

Corcoran. The state prison locator system showed that Plaintiff was no longer in the system, meaning he had been released. The Court contacted Corcoran and learned that Plaintiff had been released from Corcoran and had not left a forwarding address.

Nevertheless, on December 12, 2017, the Court issued an order to show cause, requiring Plaintiff to update the Court with his current address. (Doc. No. 15.) Plaintiff was warned that, if he did not respond to the Order, his case would be dismissed under Rule 41(b). That order has now been returned to the Court.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to *sua sponte* dismiss an action for failure to comply with a court order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). In determining whether dismissal is warranted, the Court considers five factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to Defendants, (4) the public policy favoring the disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010).

The Court finds that the delay here necessarily implicates both the interest in expeditious resolution of litigation and the Court's need to efficiently manage its docket--the first and second factors-- and weighs in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v.*

*Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (finding factors of public interest in expeditious resolution of case and court's need to manage its docket weigh in favor of dismissal where litigant failed to pursue the case for almost four months). Plaintiff's failure to keep the Court apprised of his address has caused this action to come to a halt, impermissibly allowing Plaintiff to control the pace of the docket rather than the Court. *See Yourish*, 191 F.3d at 990; *Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ."). [1]

The third factor--risk of prejudice to Defendants--also weighs in favor of dismissal. As time goes by, the witnesses' memories begin to fade and the evidence becomes stale, making it increasingly difficult for Defendants to defend themselves against these charges. *See In re Phenylpropa-nolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("The law . . . presumes prejudice from unreasonable delay.").

The fourth factor--the general policy favoring resolution of cases on the merits--weighs in Plaintiff's favor. *See Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits."). But without Plaintiff, the Court cannot proceed to the merits of his claims.

Finally, the fifth factor--availability of less drastic alternatives--also weighs in favor of dismissal. The Court is unable to impose a lesser sanction, e.g., monetary sanctions, because

---

[1] The Court notes that Local Rule 41-6 provides that, if a party proceeding *pro se* fails to keep the Court apprised of his current address, "the Court may dismiss the action with or without prejudice for want of prosecution."

3

Plaintiff is proceeding IFP (and, therefore, does not have any money to pay sanctions) and because he cannot be found.

Considering all five factors, the Court concludes that dismissal for failure to prosecute is warranted. *See Ferdik*, 963 F.2d at 1263 (concluding dismissal appropriate where supported by three factors); *Pagtalunan*, 293 F.3d at 643 (same).

IT IS SO ORDERED.

DATED: January 12, 2018

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE